IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN B. ADRAIN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Case No. |
| | § | |
| EDGE PRODUCTS LLC, SUPERCHIPS, | § | **JURY TRIAL DEMANDED** |
| INC., and GRANATELLI MOTOR SPORTS, | § | |
| INC., | § | |
| | § | |
| *Defendants*. | § | |

**COMPLAINT FOR PATENT INFRINGEMENT, DECLARATORY JUDGMENT
AND BREACH OF CONTRACT**

Plaintiff John B. Adrain ("Adrain") brings this action against defendants Edge Products LLC ("Edge"), Superchips, Inc. ("Superchips"), and Granatelli Motor Sports, Inc. ("Granatelli") and alleges:

**THE PARTIES**

**1.** Adrain is the inventor of and owns the entire right, title, and interest in the patent at issue in this case.

**2.** On information and belief, Edge is a limited liability company organized and existing under the laws of the state of Delaware, having a principal place of business at 1080 South Depot Drive, Ogden, Utah 84404. Edge has designated its registered agent for purposes of service of process as Reed L. Neubert, Registered Agent, 1080 South Depot Drive, Ogden, Utah 84404. Edge is doing business in this judicial district.

3. On information and belief, Superchips is a corporation organized and existing under the laws of the state of Florida, having a principal place of business at 1790 East Airport Boulevard, Sanford, Florida 32773. Superchips has designated its registered agent for purposes of service of process as Debra Roth, Registered Agent, 1790 East Airport Boulevard, Sanford, Florida 32773. Superchips is doing business in this judicial district.

4. On information and belief, Granatelli is a corporation organized and existing under the laws of the state of California, having a principal place of business at 1000 Yarnell Place, Oxnard, California 93033. Granatelli has designated its registered agent for purposes of service of process as J. R. Granatelli, Registered Agent, 1000 Yarnell Place, Oxnard, California 93033. Granatelli is doing business in this judicial district.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code, for a declaratory judgment of ownership of the patent-in-suit pursuant to the Federal Declaratory Judgment Act, under Title 28, United States Code, and for breach of contract.

6. Subject-matter jurisdiction over Adrain's claims are conferred upon this Court by 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

7. On information and belief, subject-matter jurisdiction over Adrain's contractual claims against Granatelli is further conferred upon this Court by 28. U.S.C. § 1332 as Adrain is a citizen of the state of Washington and Granatelli is a citizen of the state of California and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. On information and belief, Defendants have solicited business in the state of Texas, transacted business within the state of Texas, and attempted to derive financial benefit from residents

of the state of Texas, including benefits directly related to the instant patent infringement cause of action set forth herein.

9. On information and belief, Defendants have each made, used, sold, offered for sale and/or imported vehicle performance-tuning devices and/or systems, and/or have each placed vehicle performance-tuning devices and/or system into the stream of commerce, which devices and/or systems have been made, offered for sale, sold, and/or used in the Southern District of Texas. This Court therefore has personal jurisdiction over each Defendant.

10. On information and belief, infringing activities are occurring in this judicial district in connection with the offering for sale, sale and use of Defendants' infringing products.

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

12. Further, venue is proper in this Court, as the Agreement upon which Adrain's claims against Granatelli is partly based contains a forum-selection clause that provides as follows:

> "12.01 … Each PARTY consents for itself and its successors and assigns and unconditionally and irrevocably submits to the exclusive jurisdiction of the Southern District of Texas sitting in Harris County and any appellate court from any thereof, for the resolution of any claim or dispute which may arise or result from, or be connected with this AGREEMENT."

(Exhibit A).

## BACKGROUND FACTS

13. On June 4, 1996, U.S. Patent No. 5,523,948 ("the '948 patent"), entitled "Apparatus and Method for Modifying Control of an Originally Manufactured Engine Control Module," a copy of which is attached hereto as Exhibit B, was duly and legally issued to its sole inventor, John B. Adrain. Adrain owns all right, title and interest in the '948 patent, including the right to sue for and recover all past, present and future damages for infringement of the '948 patent.

14. The '948 patent pertains to a "programmer" (sometimes also called a "tuner") that alters the performance of a vehicle by modifying the vehicle's controlling computer program in the vehicle's "electronic control module" ("ECM").

15. The '948 patent issued from a "continuation in part" of a patent application that issued as U.S. Patent No. 5,446,665 ("the '665 patent"), which issued from a continuation of an application that issued as U.S. Patent No. 5,293,317 ("the '317 patent"), which issued from a continuation of an application that issued as U.S. Patent No. 5,200,900 ("the '900 patent"). John Adrain and John Von Colln were listed as joint inventors of the '665, '317 and '900 patents. Von Colln assigned any interest in he had or might have had in any patents related to this technology to John Adrain.

16. Prior to filing the patent application that issued as the '948 patent, Von Colln disclaimed any part in inventing anything disclosed or claimed in the application that issued as the '948 patent.

17. On October 22, 2004, Adrain filed suit as the sole plaintiff asserting infringement of the '948 patent against certain defendants, including Edge and Superchips, through their manufacture, use and sale of hand-held programmers that altered the vehicle's program in its ECM. The devices accused of infringement in that case did not remain connected to the vehicle once the vehicle's ECM program was modified (referred to herein as the "old programmers"). In other words, after changes were made to the vehicle's program, the programmer was removed from the vehicle. This previous lawsuit ("the Houston Action"), was filed in the Southern District of Texas, Houston Division, case no. H-04-4117 and heard by Judge Keith P. Ellison.

18. On March 14, 2006, the District Court in the Houston Action issued a Memorandum and Order, and Final Judgment, in which the Court construed certain claims, held claims 1 and 5 of

the '948 patent were not infringed because the "programmers" did not remain attached to the vehicle and that claim 19 of the '948 patent was invalid. (Exhibit C).

19. On April 11, 2006, Adrain filed his notice of appeal to the Federal Circuit. The Federal Circuit affirmed the District Court's decision. The Federal Circuit's decision, *Adrain v. Superchips et al.*, 218 Fed.Appx. 982 (Fed. Cir. 2007), is attached as Exhibit D.

20. On information and belief, subsequent to the District Court's judgment in the Houston Litigation, Edge and Superchips began to distribute programmers that remain attached to the vehicle during use and provide real time data related to the vehicle's operation and/or the vehicle's engine, such as the Edge Evolution and Superchips Cortex (referred to herein as the "new programmers").

21. On information and belief, the Defendants manufactured and sold, and continue to sell, the new programmers despite having knowledge of the '948 patent and the District Court's claim construction.

22. On information and belief, despite prevailing at the District Court, and during the pendency of Adrain's appeal, Edge concocted a scheme to cover its nefarious acts related to the new programmer by purporting to take an assignment of ownership of the '948 patent from Von Colln. This purported assignment ("the Purported Assignment"), dated July 19, 2006, is attached as Exhibit E.

23. At no time, including when Von Colln purported to assign ownership of the '948 patent to Edge, did Von Colln have any ownership interest in the '948 patent

24. On information and belief, at the time of the Purported Assignment, Edge knew or should have known that Von Colln had no ownership interest in the '948 patent.

25. The Purported Assignment is invalid.

26. Edge has no ownership interest or any other legal interest in the '948 patent.

27. On or around July 6, 2005, Adrain entered into a licensing agreement, titled "Non-Exclusive Limited Patent License Agreement" (the "Granatelli License Agreement") with Granatelli. A true and correct copy of the Granatelli License Agreement is attached as Exhibit A.

28. Pursuant to the terms of the Granatelli License Agreement, Adrain granted to Granatelli a non-exclusive license to "make, have made (which means providing authorization to other parties to make), use, and sell" products covered by the '948 patent (the "Granatelli Licensed Products").

29. Pursuant to the terms of the Granatelli License Agreement, Granatelli was to pay royalties of 5% of the net sales of the Granatelli Licensed Products. The Granatelli License Agreement further provided that Granatelli must pay:

> "a penalty of ten percent (10%) of any royalty due for that calendar quarter that is not timely paid as provided in Section [of the Granatelli License Agreement], plus interest at twelve percent (12%) per annum from the date the payment is due to the date of actual payment."

30. Granatelli has made and continues to make programmers covered by the '948 patent that remain attached to the vehicle during use and provide real time data related to the vehicle's operation and/or the vehicle's engine, such as the engine RPM, the engine temperature, the throttle percentage, and the manifold pressure.

31. Granatelli has made no payments of royalties or interest thereon to Adrain, as required of it by the Granatelli License Agreement.

32. Adrain made demand upon Granatelli for payment of royalties under the terms of the Granatelli License Agreement, but Granatelli has refused to make such payment in breach of the Granatelli License Agreement.

33. Pursuant to the Granatelli License Agreement, Adrain terminated the Agreement on March 16, 2010.

## FIRST CLAIM FOR RELIEF
## (PATENT INFRINGEMENT)

34. Adrain repeats and realleges the allegations of paragraphs 1-33 above as though fully stated herein.

35. On information and belief, Defendants, either alone or in conjunction and jointly with others, have in the past and continue to infringe, contribute to infringement, and/or induce infringement of the '948 patent by making, using, selling, offering to sell and/or importing, and/or causing others to use, sell and offer to sell, in this judicial district and/or elsewhere in the United States, vehicle performance-tuning devices and/or systems that remain connected to a vehicle and that are covered by one or more of the claims of the '948 patent, including the Edge Evolution, Superchips Cortex, and Granatelli Big G Flash Tuner products.

36. Defendants are each liable for infringement of the '948 patent pursuant to 35 U.S.C. § 271.

37. Despite Edge's, Superchips's, and Granatelli's previous knowledge of the '948 patent, as described in paragraphs 13-36, Defendants Edge, Superchips, and Granatelli manufactured and/or modified their products such that they infringe the '948 patent. Defendants Edge's, Superchips's, and Granatelli's actions and infringement of the '948 patent have therefore been with notice and knowledge of the patent and have been willful and deliberate.

38. Defendants' acts of infringement have caused damage to Adrain, and Adrain is entitled to recover from Defendants the damages sustained by Adrain as a result of the Defendants' wrongful acts in an amount subject to proof at trial.

## SECOND CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT OF PATENT OWNERSHIP)

39. Adrain repeats and realleges the allegations of paragraphs 1-38 above as though fully stated herein.

40. Adrain is the owner of all rights in and to the '948 patent. Despite Von Colln disclaiming any role in inventing the subject matter of the invention in the application leading to the '948 patent, Edge improperly created and cast a cloud on Adrain's ownership of the '948 patent by attempting to assert ownership rights in the '948 patent, as evidenced by the Purported Assignment that Edge recorded in the United States Patent and Trademark Office at Reel 018099/Frame 0400. Von Colln had no rights to the inventions in the application leading to the '948 patent. Von Colln's Purported Assignment to Edge conveyed no ownership interest in the '948 patent and is invalid. Based on the actions of Edge, a justiciable actual controversy exists between Adrain and Edge regarding the ownership of the '948 patent.

41. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Adrain is entitled to a declaration that he is and always has been the exclusive owner of all interest, right, and title to and in the '948 patent, that Edge does not have, nor has it ever had, any ownership interest in the '948 patent, and that the Purported Assignment is and always has been void *ab initio*.

## THIRD CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

42. Adrain repeats and realleges the allegations of paragraphs 1-38 above as though fully stated herein.

43. Adrain is a party to the Granatelli License Agreement, is entitled to enforce the Granatelli License Agreement, and is the proper party to sue for breach of the Granatelli License Agreement.

44. The Granatelli License Agreement is a valid contract that is legally enforceable and binding upon Granatelli.

45. Adrain fully performed all his obligations under the Granatelli License Agreement.

46. Granatelli has breached the Granatelli License Agreement by failing to make payment of royalties or the interest thereon to Adrain, following demand by Adrain. Granatelli has made no effort to cure its breach pursuant to the terms of the Granatelli License Agreement.

47. Granatelli's failure to satisfy its obligations under the Granatelli License Agreement is not justified nor excused for any reason.

48. Granatelli's breach of the Granatelli License Agreement has required Adrain to retain the undersigned counsel to enforce his rights under the Granatelli License Agreement. Although Adrain has made demand upon Granatelli in accordance with Chapter 38 of the Texas Civil Practice & Remedies Code, Granatelli has continued to refuse to perform its contractual obligations under the Granatelli License Agreement. Accordingly, Adrain is entitled to recover all reasonably attorneys' fees and Court costs pursuant to Texas Civil Practice and Remedies Code § 38.001.

49. Presentment of Adrain's claim has been made and all conditions precedent to Adrain's right to recover against Granatelli have occurred or have been performed or excused.

## PRAYER FOR RELIEF

**WHEREFORE**, Adrain prays for entry of judgment that:

A. Defendants have infringed, contributed to infringement of, and/or induced infringement of the '948 patent;

B. Defendants Edge's, Superchips's, and Granatelli's infringement, contributory infringement and/or induced infringement of the '948 patent have been willful and deliberate;

**C.** Defendants account for and pay to Adrain all damages caused by their respective infringement of the '948 patent;

**D.** The Court increase the amount of damages as a result of the Defendants' infringement to three times the amount found or assessed by the Court because of the willful and deliberate nature of the infringement, all in accordance with 35 U.S.C. § 284;

**E.** That the Court enter a declaratory judgment declaring that Adrain is the exclusive owner of all right, title, and interest in and to the '948 patent;

**F.** Granatelli account for and pay to Adrain all damages, including unpaid interest, caused by its breach of the Granatelli License Agreement.

**G.** Adrain be granted pre-judgment and post-judgment interest on the damages caused to it by reason of one or more of Defendants' actions;

**H.** The Court declare this an exceptional case and that Adrain be granted his reasonable attorneys' fees in accordance with 35 U.S.C. § 285 and Chapter 38 of the Texas Civil Practice & Remedies Code;

**I.** Costs be awarded to Adrain; and,

**J.** Adrain be granted such other and further relief as the Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Adrain demands trial by jury on all claims and issues so triable.

Respectfully submitted,

Dated:  March 17, 2010          By:  /s/ John T. Polasek
                                     John T. Polasek
                                     Texas Bar. No. 16088590
                                     tpolasek@pqelaw.com
                                     C. Dale Quisenberry
                                     Texas Bar No. 24005040
                                     dquisenberry@pqelaw.com
                                     Jeffrey S. David
                                     Texas Bar No. 24053171
                                     jdavid@pqelaw.com
                                     POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
                                     6750 West Loop South, Suite 920
                                     Bellaire, Texas 77401
                                     Telephone: (832) 778-6000
                                     Facsimile: (832) 778-6010

                                     *Attorneys for Plaintiff*